CALOGERO, Chief Justice,
would grant the writ application and assigns reasons.
hln my view, the district court did not abuse its discretion in ruling on the defendant’s application for post-conviction relief. The district court gave detailed and lengthy reasons for its ruling after having considered numerous briefs, the transcript of trial, all of the statements at issue, and the testimony introduced at the evidentia-ry hearing. The district court initially noted that, “[d]espite specific requests for [the statements], the defense had never been furnished with them until after the trial had concluded.” The district court stated it could not “escape finding that evidence of the defense’s theory of self-defense in the state’s possession, demonstrating both the aggressive nature of.the victim and the physical orientation of both the victim and the petitioner, was withheld from the defendant.” Reasoning that self-defense cases require timely disclosure to allow the accused to formulate a defense and observing that the post-trial disclosure in the instant case was “far more egregious,” the district court found the state’s failure to disclose favorable and material evidence critical to the defense constituted reversible error meriting a new trial.
It is evident from the district court’s reasons that it carefully and thoroughly reviewed the statements “as a whole” in light of the trial testimony, highlighting the | ^.inconsistencies therein and where the statements would have supported the defense’s theory. Furthermore, the district court was keenly aware that “it is very difficult for any court to disturb the considered verdict of the jury....” Nonetheless, the court believed it could reach no other conclusion than that the divergent information would have affected the finder of fact, such that there is a reasonable probability that, had the evidence been disclosed, the outcome would have been different. To preserve the defendant’s due process rights, the district court then ordered a new trial.
I simply see no abuse of the district court’s discretion in ruling on the defendant’s application for post-conviction relief, and the court of appeal’s rather perfunctory reasons for overruling the district court do not convince me that the district court committed error in granting the defendant a new trial upon finding that the state had suppressed favorable evidence material to the defense in violation of the defendant’s right to due process. Accordingly, I would grant the defendant’s writ application.